13 CV 8887

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RICARDO PONS, OFELIA NELIDA GARCÍA, and :
NW GLOBAL STRATEGY,
                                                                  :     13 CV _____
                            Plaintiffs,
                                                                  :
            -against-                                                   **COMPLAINT**
                                                                  :
THE REPUBLIC OF ARGENTINA,
                                                                  :
                            Defendant.
------------------------------------------------------------------ x

RECEIVED DEC 16 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, by their attorneys, Milberg LLP, for their Complaint allege as follows:

1. This is a breach of contract action arising in connection with defaulted bonds issued by Defendant, the Republic of Argentina (the "Republic").

Parties

2. Plaintiffs Ricardo Pons and Ofelia Nélida García (together "Pons") are citizens of Argentina.

3. Plaintiff NW Global Strategy ("NW Global") is a corporation organized under the laws of Luxembourg.

4. Defendant is a foreign state as defined in 28 U.S.C. § 1603(a).

Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

6. Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

Facts

7. Pons owns certain bonds, ISIN No. US040114AN02, in the face amount of $50,000.00, with a maturity date of October 9, 2006, and a coupon rate of 11% (the "Pons 2006 Bonds"), which were issued by the Republic pursuant to a Fiscal Agency Agreement dated as of October 19, 1994 (the "1994 FAA").

8. NW Global owns certain bonds, (a) ISIN No. US040114AR16, in the face amount of $109,000.000, with a maturity date of January 30, 2017, and a coupon rate of 11-3/8% (the "NW Global 2017 Bonds") and (b) ISIN No. US040114AV28, in the face amount of $52,000.00, with a maturity date of September 19, 2027, and a coupon rate of 9-3/4% (the "NW Global 2027 Bonds"). The NW Global 2017 Bonds and the NW Global 2027 Bonds were issued by the Republic pursuant to the 1994 FAA.

9. The Pons 2006 Bonds, the NW Global 2017 Bonds, and the NW Global 2027 Bonds are referred to herein as the "Bonds."

10. The Republic was required to make principal and interest payments on the Bonds.

11. Pursuant to Section 22 of the 1994 FAA, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

12. Pursuant to Section 12 of the 1994 FAA, the following are defined as Events of Default (with respect to the Bonds as "Securities"):

2

(a) Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or

* * *

(d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

13. Section 12 of the 1994 FAA further provides that following either of the foregoing Events of Default, a bondholder may give the Republic written notice and declare "the principal amount of such Securities held by it to be due and payable immediately" together with all accrued interest.

14. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the Bonds.

15. There has been an Event of Default on the Bonds, and the Republic is in breach of its obligations under the 1994 FAA.

16. Pursuant to Section 12 of the 1994 FAA, by letter dated December 13, 2013, counsel for Pons provided written notice to the Republic through its Fiscal Agent that Pons owns the Pons 2006 Bonds and that the Pons 2006 Bonds are in default. Pons demanded full and immediate payment of all principal and interest owing on the Pons 2006 Bonds.

17. Pursuant to Section 12 of the 1994 FAA, by letter dated December 13, 2013, counsel for NW Global provided written notice to the Republic through its Fiscal Agent that NW Global owns the NW Global 2017 Bonds and the NW Global 2027 Bonds, and that those Bonds are in default. NW Global declared the principal and interest on the NW Global 2017 Bonds and the NW Global 2027 Bonds to be immediately due and payable, and demanded payment.

Count One

18. The allegations in paragraphs 1-17 are incorporated here.

19. By reason of the foregoing, the Republic has breached its contractual obligations on the Pons 2006 Bonds to Pons and is liable for damages in an amount to be determined at trial, plus interest.

Count Two

20. The allegations in paragraphs 1-17 are incorporated here.

21. By reason of the foregoing, the Republic has breached its contractual obligations on the NW Global 2017 Bonds to NW Global and is liable for damages in an amount to be determined at trial, plus interest.

Count Three

22. The allegations in paragraphs 1-17 are incorporated here.

23. By reason of the foregoing, the Republic has breached its contractual obligations on the NW Global 2027 Bonds to NW Global and is liable for damages in an amount to be determined at trial, plus interest.

Count Four

24. Section 1(c) of the 1994 FAA provides, among other things, that the Bonds "shall at all times rank pari passu" and that the payment obligations of the Republic under the Bonds "shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness" as defined in the 1994 FAA.

25. The Republic has breached that provision to the detriment of Pons and NW Global and will likely continue to do so unless restrained.

26. Pons and NW Global have suffered and will continue to suffer irreparable injury from such breaches.

27. The Court should order specific performance of Section 1(c), and the Republic should be enjoined from violating that provision.

WHEREFORE, each Plaintiff demands judgment as follows:

(i)   An award of damages in an amount to be determined at trial, plus interest; and

(ii)  An order specifically performing Section 1(c) of the 1994 FAA and enjoining the Republic from violating that provision; and

(iii) An award of each Plaintiff's costs, prejudgment interest, attorneys' fees, and such other and additional relief as the Court deems just and proper.

Dated: December 16, 2013

MILBERG LLP

By: _____
Michael C. Spencer (MS-8874)
One Pennsylvania Plaza
New York, NY 10119

mspencer@milberg.com
Telephone: 212-594-5300
Facsimile: 212-868-1229

SNITOW KANFER & HOLZER LLP
Gary S. Snitow
575 Lexington Avenue
New York, NY 10022

*Attorneys for Plaintiffs*
