UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

RICARDO PONS, OFELIA NELIDA GARCÍA, and NW GLOBAL STRATEGY

                Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA,

                Defendant.

------------------------------------------------------------------------X

13 Civ. 8887 (TPG)

**ANSWER TO COMPLAINT**

Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated December 16, 2013 (the "Complaint"), respectfully states as follows:

1. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint. To the extent that Paragraph 1 of the Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 1 of the Complaint for its true and correct contents.

2. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

5. Paragraph 5 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

6. Paragraph 6 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it entered into the 1994 FAA and refers to the 1994 FAA for its true and correct contents.

9. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. To the extent that Paragraph 10 of the Complaint purports to characterize the contents of written documents, the documents speak for themselves. The Republic denies characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 10 for their true and correct contents. To the extent Paragraph 10 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

11. Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 for its true and correct contents.

12. Paragraph 12 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 for its true and correct contents.

13. Paragraph 13 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 13 for its true and correct contents.

14. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint. The Republic otherwise denies the allegations contained in Paragraph 14 of the Complaint. Paragraph 14 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 14 for their true and correct contents. To the extent that Paragraph 14 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

15. Paragraph 15 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 for its true and correct contents. To the extent Paragraph 15 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

16. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint. To the extent that Paragraph 16 of the Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 of the Complaint for its true and correct contents. To the extent Paragraph 16 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

17. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint. To the extent that Paragraph 17 of the Complaint purports to characterize the contents of a written document, that document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 17 of the Complaint for its true and correct contents. To the extent Paragraph 17 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

18. In response to Paragraph 18 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Complaint.

19. Paragraph 19 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

20. In response to Paragraph 20 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Complaint.

21. Paragraph 21 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

22. In response to Paragraph 22 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 17 of the Complaint.

23. Paragraph 23 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

24. Paragraph 24 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 24 for its true and correct contents.

25. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint. To the extent Paragraph 25 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

26. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint. To the extent Paragraph 26 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

27. Paragraph 27 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

### First Affirmative Defense

28. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

29. Plaintiffs' claims are barred by the act of state doctrine.

### Third Affirmative Defense

30. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

31. Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

32. Plaintiffs' claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

33. Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

34. Plaintiffs' claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

35. Plaintiffs lack standing and/or capacity to sue, because they are not a holder of bonds within the meaning of the 1994 FAA or the governing bond documents.

### Ninth Affirmative Defense

36. Plaintiffs' claims are barred by the doctrine of laches.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  *See Lightwater Corp. Ltd. v. Republic of Argentina*, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Argentina*, 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003), Orders.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

    (a)    dismissing plaintiffs' claims with prejudice;

    (b)    awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

    (c)    granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 21, 2014

    CLEARY GOTTLIEB STEEN & HAMILTON LLP

    By: /s/ Carmine Boccuzzi
        Jonathan I. Blackman (jblackman@cgsh.com)
        Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

    One Liberty Plaza
    New York, New York 10006
    (212) 225-2000

    Attorneys for the Republic of Argentina